JOHN C. MARTIN *et al.*

*v.*

GEORGE H. EVERSAL *et al.*

1. SWORN ANSWER — *measure of proof.* The evidence of two witnesses is sufficient to overcome the statement in a sworn answer.

2. ALLEGATION AND PROOF — *they must correspond.* The allegation in a bill, that the contract was, that complainant and his under workmen were each to perform a certain number of days labor, to commence on a particular day, and to end on another specified day, is not sustained by proof that the labor commenced and ended on different days from those alleged.

3. AMENDMENT — *on the trial.* Chancery practice allows the amendment of a bill, on the hearing, to correspond with the proof, without continuing the case, unless it essentially changes the case made by the bill.

4. MECHANICS' LIEN — *the contract.* If it appears that materials furnished were used in the erection of the building, on which a lien is claimed, unless it appears that they were intended for another purpose, it will be presumed that they had been contracted for, to be used in the building.

5. DECREE. It is correct practice not to render a decree for the sale of the property on a mechanics' lien, where there are several claimants of liens, until all of their rights are found and determined.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

The record in this case is the same as that in the preceding case of *Fielden Power et al.* v. *Reuben McCord et al.* George H. Eversal and James McLaird were made defendants in that proceeding, and they filed their answer, and made it a bill of interpleader. They claim in it, to have furnished labor and materials for the erection of the steam flouring mill, under a contract in these words: " Labor of George H. Eversal (millwright) commencing December 27th, 1859, and ending June the

25th, 1860, 155 days, at $5 per day, to be paid weekly, every Saturday evening." Also for the labor of under workmen, for the same time, at $2.50 per day.

They allege that the labor was performed, and that bolts and washers were furnished, also a wrench, and freight, etc., amounting, in the aggregate, to the sum of $1,632.78.

John C. Martin, J. W. Grayon and W. H. Benton, answered this bill of interpleader. They deny, that Eversal & McLaird made a contract with Power & Morton, on the 27th of December, 1859, for labor and material for the mill and building. They deny, that by the contract, Eversal was to work 155 days, at $5 per day, as millwright, on the mill. Deny, that he commenced on the 27th of December, 1859, and ended on the 25th of June, 1860. Deny, that Power & Morton entered into any contract with Eversal & McLaird, to furnish under-mechanics for 155 days, and deny that they commenced work on the 27th of December, 1859, and ended on the 25th of June, 1860. Deny, that Eversal & McLaird furnished any materials. A replication was filed, and the cause was tried by a jury, who found a verdict in favor of Eversal & McLaird, for $1,250.

Grayon, Martin and Benton, bring the case to this court, and assign for error, the overruling the motion for a new trial; in rendering judgment for $1,250, without ordering a sale of the property ; in not ordering this lien to be subject to distribution with other liens of mechanics on the same premises ; in rendering a judgment on a contract different from the one set out in the petition.

Messrs. STOKER & UNDERWOOD, for the Plaintiffs in Error.

Mr. H. K. S. O'MELVENY, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

This case is a branch of the case of *Power et al. v. McCord et al.*, determined at the present term. On the trial, two wit-

nesses testified that one or both of plaintiffs in error told them they were to pay Eversal five dollars a day, and the under mechanics two dollars and fifty cents, and that they had to pay them every Saturday evening. This evidence overcomes the denial of plaintiffs in error, in their answer, that they agreed to so pay for the labor. The bill of interpleader alleges, that Eversal labored one hundred and fifty-five days on the mill, and that the under workmen labored the same length of time. We think that the evidence of the witnesses fully sustains the allegation, and overcomes the denial of the answer. It would seem, from the testimony, that the jury might have found for a longer time than that claimed by defendants in error, by their bill of interpleader.

It is, however, insisted, that the proof varies from the allegations in the bill of interpleader. A fair construction of the contract set out in the bill, is, that there was to be one hundred and fifty-five days of labor performed, each, by Eversal and undermechanics; and that the labor was to commence on the 27th day of December, 1859, and end on the 25th of June following. The evidence, on the contrary, shows that the labor was commenced before Christmas, certainly, and probably as early as from the first to the fifteenth of December, and continued until after the first of July. This evidence does not establish a contract to commence the 27th of December, and to labor until the 25th of June following. If it establishes a contract, it is one commencing and ending with the labor performed. From the testimony it would seem that the contract was for labor on the mill, to be performed within the time it was done. When proof is made, that labor has been performed, it may be inferred that the contract was that it should commence and end as it appears from the evidence to have done.

The contract, as set out in the bill, was too specific to be sustained by the evidence, and there was a variance. However technical it may appear, and although the adherence to such rules may, in some cases, delay the speedy administration of justice, still it is the settled law, that the allegations and proofs must agree. In chancery proceedings, however, the court will

permit an amendment on the hearing, for the purpose of avoiding a variance. Had the solicitor of defendants asked leave, an amendment would have been permitted, and as it did not essentially change the case made by the bill, a continuance would not have been granted.

It is urged, that the evidence fails to show that the materials and labor were, by the contract, to be placed on the premises in controversy. The bill alleges, that the contract was made with reference to its being performed on the premises in controversy, and the labor having been done thereon, the jury were warranted in concluding that the evidence sustained the allegation. And the materials being of that character that the work could not have progressed without them, it was reasonable to infer that they were furnished to be used on the premises. The fact that they were so applied, is evidence that they were so intended, unless it otherwise appeared that they were contracted for, to be placed upon different land. *Power* v. *McCord*, *ante*, p. 214.

There is no force in the objection that there was no order for the sale of the property. It was proper that the order should stop where this does, until all the other claims in the case are determined. It would then be proper to render one decree in the case, in which the rights of all the parties would be declared, and the money ordered to be paid by a day fixed by the decree, and providing for a sale in default of such payment. But for the error indicated the judgment must be reversed, and the cause remanded, with leave for defendants to amend their bill.

*Decree reversed.*