Watrous agt. Elmendorf *et al.*

# N. Y. COMMON PLEAS.

CHARLES WATROUS and CHARLES H. WILSON agt. JOHN P. ELMENDORF *et al.*

*Mechanic's liens — what complaint must show — effect of death of contractor.*

There can be no lien unless the seller and the purchaser *both* understand, at the time of the delivery, that the materials were to be used upon a particular building, which the purchaser intended to construct, alter or repair.

The complaint must show that materials were furnished *for,* as well as used *in,* the building covered by the lien.

The death of the contractor will not prevent a sub-contractor from filing a valid lien.

It is not necessary to set out in the complaint a recital of all that is contained in the claim filed with the county clerk. It is sufficient to allege, generally, that the plaintiff had filed the notice mentioned in the fifth section of the act (*lien law of* 1875), without specifying all the details which ought to have been stated in that notice.

*Special Term, September,* 1878.

*Sheldon & Browne,* for motion.

*Pelton & Poucher,* opposed. *S. F. Kneeland,* of counsel.

VAN HOESEN, *J.* — A defendant demurred to the complaint and the plaintiffs moved for judgment upon the demurrer as frivolous. On the argument both parties requested me to treat the matter as though the demurrer were regularly brought on for argument at special term, and not to dispose of it as a motion under section 537, Code Civil Procedure. The lien law of 1875 provides that a lien may exist in favor

of a person furnishing materials to be used in the construction, alteration or repair of any building. The pleader did not allege that the materials were furnished to be used, but contented himself with averring that one Ribon owned the land; that Ribon contracted with one King for the erection of the house; that King contracted with Schofield to do the carpenter work on the building; and that in performing that contract Schofield bought the materials for which the claim is made, and then used them in completing the carpentering work on the house.

It appears to be well settled by authority in other states, and I think it is the law in this state, that there can be no lien unless the seller and the purchaser both understand, at the time of the delivery, that the materials were to be used upon a particular building, which the purchaser intended to construct, alter or repair (*See cases in secs. 5, 7, et seq., Kneeland on Liens*).

By the rules of evidence, where goods are actually furnished and used in the building, there will be a presumption that they were furnished under a contract that they should be so used (*Sec. 58, Kneeland on Liens, citing Power* agt. *McCord, 36 Ill., 214; Martin* agt. *Ensore, 36 Ill., 222*). But the rules of pleading are not satisfied by the averment in a complaint of mere matters of evidence, however strongly they may tend to prove the issue which the pleader is bound to maintain (*Pomroy's Remedies and Remedial Rights, sec. 526*). The plaintiff's allegations are of facts which he will offer as evidence, to show that Schofield and Watrous contemplated the use of the materials in the construction of the very building upon which a lien is claimed. Those facts — important as they will be as evidence — are not a competent substitute for the necessary averment in the pleading that the materials were furnished to be used in the building in question. There can be no better illustration of the distinction I am endeavoring to point out than that given by Pomroy in the section I have cited from his work. "If, instead of

directly averring that the defendant executed a written contract, the plaintiff should allege that the defendant had admitted his signature to be genuine, or that persons familiar with his handwriting declare the signature to be his, it is plain that neither of these allegations would present a material issue, that is, an issue upon which the cause of action would depend." So, in this case, the question is not whether Schofield actually used, in this building, materials sold by the plaintiff, but is, whether the plaintiff Watrous sold the materials to Schofield that the latter might use them in putting up this very house. A fact necessary to constitute a cause of action must be alleged, unless the law intends it (1 *Chitty on Pleading, p.* 222). And there is certainly no legal intendment that this particular house was in the minds of Watrous and Schofield when those materials were furnished. Upon this ground, therefore, the demurrer is well taken.

The defendant's second ground of demurrer is not tenable. The case of *Tilfer* agt *Kiersted* (2 *Hilton*, 577), an authority which I am bound to follow, expressly decides that the death of the contractor, after the completion of the work, does not deprive a material-man of the right thereafter to file a notice of claim, and acquire a lien for materials furnished at the request of the contractor.

The third ground of the demurrer is not, in my opinion, tenable. It was not necessary to set out in the complaint a recital of all that is contained in the claim filed with the county clerk. The complaint first alleges that "the claim filed was in the manner and form required by the act of 1875," and then proceeds to say that it contained the names and residences of the claimants, and divers other particulars which the law requires the claim to contain. It fails to allege that the claim stated the terms, the time given and the condition of the contract, or that all the materials contracted for had been furnished. If the complaint has proposed to set out all that the claim contained, or if a copy of the claim, which appeared to be defective for want of essential statements, were

attached to the complaint, there would, I think, have been good ground for a demurrer, but it was sufficient to allege, generally, that the plaintiff had filed the notice mentioned in the fifth section of the act, without specifying all the details which ought to have been stated in that notice. " The object of the pleadings is to arrive at a specific issue upon a given and material fact, and this is attained, although the evidence of such fact, to be laid before the jury, be not specifically developed in the pleadings." It was always sufficient to allege that a thing was done " in a reasonable time," or that a defendant " had notice," although the facts which showed the time to be reasonable, or the facts which showed the notice to be valid, had all to be proven specifically on the trial, that the court might pass upon them (1 *Chitty's Pleading*, 225).

The motion for judgment is denied, with ten dollars costs.