JULES BREUCHAUD and Others, Appellants, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, Impleaded with Others.

*Complaint to enforce a lien under sections 1824, 1825 of the New York consolidation act, chapter 410, Laws of 1882 — what it must allege.*

Where an action is brought, pursuant to sections 1824, 1825 of the consolidation act, relative to the city of New York (chap. 410, Laws of 1882), by a sub-contractor to enforce a lien upon moneys alleged to be due by said city to the principal contractor, the complaint must set forth the terms of the contract between the city and the principal contractor in such a form as would be necessary were the suit between him and the city, and must clearly show that, under his contract, an indebtedness exists to him by the city, upon which the sub-contractor has acquired a lien.

Appeal by the plaintiffs, Jules Breuchaud, Joseph B. Pennell and Heman Clark, Jr., from an interlocutory judgment, entered in the office of the clerk of the city and county of New York on the

4th day of May, 1891, sustaining a demurrer to the complaint interposed by the defendants; and also from an order, entered in said clerk's office, directing the entry of such interlocutory judgment.

*Laflin Kellogg*, for the appellants.

*James C. Carter*, for the respondent.

Ingraham, J.:

To entitle plaintiffs to recover in this action they must allege the making of the contract between defendant and the original contractors; that the plaintiffs, as laborers, mechanics, merchants or traders, in pursuance of or in conformity with the terms of such contract, performed labor or furnished materials towards the performance or completion of such contract, and that they have duly filed the notice prescribed by section 1825 of the consolidation act. (Chap. 410, Laws of 1882; see, also, section 1824.)

Where such a contract is made, such services performed or materials furnished and such notice filed, plaintiffs may commence an action to enforce their claim against the amount in the hands of the city department due to the original contractors, and, in that action, the court must determine the validity of the lien, the amount due from the debtor to the contractors under their contract, and from the contractors to the respective claimants.

The fact of the making of the contract, and the fact of the performances of the terms of the contract by the contractor, must be alleged and proved before the court can determine how much is due to the contractors from the city.

The provision that where money is to grow due, a lien upon such money attaches upon the filing of the notice before it is due, does not justify an action to recover that money before, according to the terms of the contract, it is actually due and payable by the city to the contractors.

Considered in connection with the statute creating this lien, we think the complaint is fatally defective in that it does not allege the terms of the contract between the contractors and the city so that it can be seen that any amount was, at the time of the commencement of the action, due from the city to the original contractors. The contract itself is not set forth in the complaint, nor is its substance

alleged in the complaint; all that the complaint alleges is that there was a contract made between O'Brien & Clark and the city to build section eight of the new aqueduct, and that thereupon O'Brien & Clark did enter upon the performance of said work, and that the same is now in process of completion or completed.

From this allegation it is impossible to say that there is any money due from the city to O'Brien & Clark, or that there ever will be any money due from the city to O'Brien & Clark. We think, to sustain this action, the complaint should set forth the contract as it would be required to be set forth in an action brought by the original contractors against the city. In other words, the complaint must show that a cause of action existed at the time of the commencement of this action, in favor of the contractors and against the city, to recover a sum of money due under the contract, upon which sum of money the plaintiff acquired a lien by complying with these provisions of the consolidation act.

The plaintiff has no cause of action against the city until he alleges and proves the existence of the indebtedness by the city to the original contractors upon which he has a lien; and the complaint in this action fails to allege any facts from which the existence of such indebtedness of the city to O'Brien & Clark could be inferred.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment affirmed, with costs.