(14 Misc. Rep. 112.)

DRENNAN v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Common Pleas of New York City and County, Special Term. August, 1895.)

MECHANICS' LIENS—FORECLOSURE—ALLEGING A NONSUIT.

In an action by a subcontractor to foreclose a lien for materials furnished to the contractor, to be used in performance of a contract between him and defendant city, the failure of the complaint to allege the terms of the contract between the city and the contractor, and the amount due the contractor thereunder at the commencement of the action, cannot be objected to by the contractor, but is available only to the city. Breuchaud v. Mayor, etc. (Sup.) 16 N. Y. Supp. 347, distinguished.

Action by William Drennan against the mayor, etc., of the city of New York and others, impleaded with William J. Martin and Hewitt Boyce, to foreclose a mechanic's lien. Defendants Martin and Boyce demur to the complaint on the ground that it does not comply with Laws 1882, c. 410 (Consolidation Act), § 1824, by setting out the terms of the contract between defendant city and defendant Martin, the contractor, and the amount due the contractor thereunder at the commencement of the action. Overruled.

J. Baldwin Hands, for plaintiff.

William H. Reed, for demurrants.

BISCHOFF, J. This is an action brought by a subcontractor to foreclose a mechanic's lien. The demurrant Martin was the principal contractor, and the demurrant Boyce was joined because claiming some interest in and lien upon the fund in the hands of the corporation defendant, upon which fund the foreclosure is sought. The last-named defendant has interposed an answer upon the merits. The portion of the complaint involved in the present discussion follows:

"Second. Upon information and belief the plaintiff further alleges that on or about the 12th day of June, 1894, a contract was entered into between the defendant the mayor, aldermen, and commonalty of the city of New York and the defendant William J. Martin, whereby said defendant Martin contracted to furnish and supply all materials and labor for the purpose, and to open, regulate, and grade 168th street from Amsterdam avenue to Kingsbridge road, in the city of New York.

"Third. That thereafter, and on or about the 12th day of June, 1894, the defendant Martin entered upon the performance of said contract, and at the time of filing the notice of claim and lien hereinafter mentioned he had performed part of said contract, but had not completed the same, and was entitled to payments on account thereof, and, upon information and belief, that there was at the date of filing of said lien, and now is, moneys in the control of the said city, due or to grow due under said contract to said defendant Martin, more than sufficient to satisfy the plaintiff's said claim and lien after satisfying all prior liens thereon."

Were the demurrer interposed by the defendant corporation, it would have to be sustained, under the authority of Breuchaud v.

City of New York, 61 Hun, 564, 16 N. Y. Supp. 347, the terms of the original contract and the amount due the contractor thereunder at the commencement of the action not being set forth. But for that authority it does not seem that these allegations must needs be taken as insufficient under the usual practice obtaining in actions of this character, and it becomes a question whether the rule stated applies to this case where the demurrants are parties defendant other than the owner. In this regard, I can find no logical ground for applying the rule in question to a defendant contractor. Obviously, the particularity of statement is required for the benefit of the party holding the fund for the payment of which his property is security; that for his protection alone the facts showing an existing indebtedness at the commencement of the action should be alleged. For of what detriment to the contractor is the establishment by the plaintiff of the true, or perhaps an unfairly large, indebtedness from the owner to the credit of the contractor himself under a somewhat hazy form of pleading? Where the benefit if he restrict the amount of the fund constituting the full debt due him from the owner? Should the latter finally choose to invoke the rule in question by attacking the complaint, the plaintiff is the only loser. Should he not, the plaintiff's opportunities under the liberal complaint of establishing a less restricted indebtedness can but favor the contractor by leaving a balance or lessening a deficiency. So, too, of the demurrant Boyce, the party joined as having an interest in the fund, the larger the fund, the better for him, if a subsequent lienor; if a prior, he is in no way prejudiced. In other respects the allegations are not questioned.

Plaintiff makes a point that in another portion of the complaint a cause of action upon contract is alleged against the defendant Martin sufficiently to support the pleading, apart from the point considered, and it is true that the facts in the abstract support the contention. Bearing in mind, however, the nature of the action, it might not be practicable to uphold the complaint upon this ground (Swart v. Boughton, 35 Hun, 281), although it is not essential that the point be decided, in view of the above conclusion.

Demurrers severally overruled, with costs. Leave to plead over on usual terms.