(16 Misc. Rep. 102.)

SCERBO v. SMITH et al.

(Supreme Court, Special Term, New York County. February, 1896.)

1. MECHANIC'S LIEN—FORECLOSURE—CLAIM AGAINST CITY—COMPLAINT.
In an action by a subcontractor to foreclose a lien for materials furnished to and used by the contractor in fulfilling a contract between him and defendant city, the complaint is insufficient, either as against the city or the contractor, where it fails to set forth the contract with the city, its performance, and the amount due thereunder to the contractor at the commencement of the action. Drennan v. Mayor, etc., 35 N. Y. Supp. 244, 14 Misc. Rep. 112, disapproved.

2. SAME—PERSONAL JUDGMENT FOR RECOVERY OF DEBT.

    Where the complaint, in an action under Laws 1882, c. 410, §§ 1824–1838, to foreclose a lien for materials furnished to a contractor and used by him in performing a contract with defendant city, fails to state facts sufficient to warrant a foreclosure of the lien, a personal judgment for recovery of plaintiff's debt against the contractor cannot be had, though the complaint states facts sufficient for that purpose.

    Action by Antonio Scerbo against Terence A. Smith and others to foreclose a mechanic's lien. Defendants demur to the complaint. Sustained.

    Isidor Grayhead, for plaintiff.
    Arthur H. Smith, for defendants.

    BEEKMAN, J. This action is brought for the foreclosure of a lien which the plaintiff claims to have upon certain moneys due from the mayor, aldermen, and commonalty of the city of New York to the defendant.Bernard Mahon, under a contract between the city and the defendant Smith, which was subsequently assigned by him to the defendant Mahon. The plaintiff bases his lien upon allegations showing the performance by him of work and the furnishing of materials towards the performance or completion of said contract. The defendants Smith and Mahon demur to the complaint on the ground that it does not set forth facts sufficient to constitute a cause of action, and urge as one of the grounds in support of the demurrer that the plaintiff has failed to show, by appropriate allegation, that there is any money due upon the contract with the city. The portion of the complaint which relates to this matter reads as follows:

    "(2) That on or about the 4th day of November, 1892, the defendant Terence A. Smith made, executed, and entered into a written contract with the defendant the mayor, aldermen, and commonalty of the city of New York 'for constructing sewer on Kingsbridge road, between Dyckman street and Naegle avenue,' in the city of New York, said contract being numbered 12,433, for the price or consideration in said contract specified, as by said contract now on file in the office of the comptroller of the city of New York will more fully and at large appear, to which, and all the provisions thereof, the plaintiff begs leave to refer as part of this his complaint. * * *

    "(6) That the said contractor, Terence A. Smith, and his assignee, Bernard Mahon, performed all the conditions of the said contract to be performed, and so far completed the same as to become entitled, at the time of the filing of the notice of lien below mentioned, to receive from the defendant the mayor, aldermen, and commonalty of the city of New York, and there has since become due upon that contract, a sum in excess of the amount of plaintiff's claim herein; and the said defendant the mayor, aldermen, and commonalty of the city of New York is indebted to said defendant Terence A. Smith, and his assignee, Bernard Mahon, in a sum in excess of the amount of plaintiff's claim herein."

    Similar allegations in a like suit were before the court in the case of Breuchaud v. City of New York, 61 Hun, 564, 16 N. Y. Supp. 347, and were held to be insufficient. That case is, in my opinion, conclusive upon the question of the insufficiency of the complaint in this action, and I should have sustained the demurrer upon its authority, without further comment, were it not for the plaintiff's claim that, by reason of the fact that the city was there the demurring party, it is distinguishable from the case at bar on the authority of Drennan

v. Mayor, etc., 14 Misc. Rep. 112, 35 N. Y. Supp. 244, the facts of which were substantially the same as those here presented. In that case, while it was conceded that the complaint was bad as against the city, which was a party to the action, it was still contended and decided that the cause of action was sufficiently stated as against the other defendants, for the foreclosure of a lien upon the moneys there claimed to be due from the city to the contractor. I am unable to assent to this view. The basis of the action is the liability of the city upon a contract in respect to which the lien is claimed. If there is nothing due from it, there can be no lien, and therefore no foundation for a judgment of foreclosure. It is therefore a necessary part of the plaintiff's cause of action that he should set forth the contract with the city, its performance, and the liability which has arisen under it to the contractor, in the same manner as the latter would be required to do if he were suing the city upon it.

The contention that while the complaint is bad against the city, it is still good in respect to the demurrants, rests, I think, on the mistaken hypothesis that the cause of action is not single, but an agglomeration of causes of action, differently affecting the several defendants. There is, however, one cause of action, and only one, the nature of which is very clearly defined by the statute under which this action has been brought. Laws 1882, c. 410, §§ 1824–1838. If the city should successfully defend, on the ground that it owed nothing to the contractor, the plaintiff must fail as to all of the defendants; for the subject-matter of the action would have disappeared, and the only judgment authorized by the statute would be impossible. The necessity, therefore, for pleading in due form the facts upon which the liability of the city arises is apparent, and each defendant has a right to insist upon it. The claim of the plaintiff that there is a cause of action stated by him which is sufficient to sustain his complaint, if not for the foreclosure of his lien, at least for the recovery of his debt against one of the demurrants, is untenable. There is no provision for a personal judgment of such a character in the statute, and the reasoning in the case of Weyer v. Beach, 79 N. Y. 409, seems to be decisive against it.

The demurrer is therefore sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20 days after service on him of a copy of the interlocutory judgment herein, on payment of costs. Ordered accordingly.