(41 Misc. Rep. 184.)

## CLAPPER v. STRONG et al.

(Supreme Court, Special Term, Columbia County.   July, 1903.)

1. MECHANICS' LIENS—FORECLOSURE—COMPLAINT.

   Where a complaint against a village and S. to foreclose a mechanic's lien alleged that S. agreed to construct a reservoir and water system, that the contract was partially performed, and that, by agreement with S., plaintiff performed certain labor at a price specified, for which he had not been paid, but failed to allege the contract between the village and S., or that the labor and services were performed on a contract between them, it was demurrable.

2. SAME—RECOVERY BY CONTRACTOR.

   Under Code Civ. Proc. § 3412, declaring that if a lienor shall fail, for any reason, to establish a valid lien in an action to foreclose a mechanic's lien, he may recover judgment for the sum due him against any party to the action, where the complaint by a subcontractor demanded a personal judgment against the contractor the latter's defense that the lien sought to be foreclosed was invalid was demurrable.

Action by Seward Clapper against Robert H. Strong and the village of Nassau.   Demurrer by defendant village of Nassau to complaint, and by the plaintiff to one of the defenses contained in the answer of defendant Strong.   Demurrers sustained.

N. B. Spalding, for plaintiff.

Mills & Murphy, for defendant Strong.

Frost, Daring & Warner, for defendant village of Nassau.

COCHRANE, J.   The action is to foreclose a mechanic's lien. The complaint does not set forth facts sufficient to constitute a cause of action against the defendant the village of Nassau.   Stripped of legal conclusions and of the allegations in reference to the notice of the alleged lien, the complaint alleges merely that the defendant Strong entered into an agreement with the defendant the village of Nassau to construct for the latter a water system and reservoir, which contract has been partially completed, and that the plaintiff entered into an agreement with the defendant Strong to perform certain labor at a price therein specified, which contract he has fully performed, and for which he has not been paid.   There are not sufficient allegations of the terms of the contract between Strong and the village of Nassau, so that it may be seen from any fact set forth in the complaint that any amount was due from the village to Strong.   The complaint should set forth the contract as it would be required to be set forth in an action brought by Strong against the village.   Nor does it appear from the complaint that the services performed by the plaintiff were performed upon any contract between the two defendants. These allegations are essential to the sufficiency of the complaint as against the village of Nassau.   Breuchaud v. Mayor, 61 Hun, 564, 16 N. Y. Supp. 347; Goodrich v. Gillies, 62 Hun, 479, 17 N. Y. Supp. 88; Watrous v. Elmendorf, 55 How. Prac. 461; Scerbo v. Smith, 16 Misc. Rep. 102, 38 N. Y. Supp. 570.

The complaint, however, contains facts sufficient to constitute a cause of action for work, labor, and services performed by the plaintiff for the defendant Strong, and demands a personal judgment against

him. In such a case, irrespective of whether the complaint is good as to the other defendant, or whether the alleged lien is invalid, the plaintiff may recover a personal judgment against the contractor. Code Civ. Proc. § 3412; Terwilliger v. Wheeler, 81 App. Div. 460, 81 N. Y. Supp. 173; Hawkins v. Mapes-Reeve Construction Co., 82 App. Div. 72, 81 N. Y. Supp. 794. When Scerbo v. Smith, 16 Misc. Rep. 102, 38 N. Y. Supp. 570, was decided, there was no provision in the statute for a personal judgment against a contractor; and hence the criticism made in that case on the case of Drennan v. Mayor, 14 Misc. Rep. 112, 35 N. Y. Supp. 244, does not now apply, and the latter case is an authority here against the defendant Strong. And as the complaint contains a sufficient cause of action against the defendant Strong, the plaintiff, by demurrer, may attack any insufficient defense set forth in the answer of Strong.

The plaintiff demurs to the second defense contained in such answer. Such defense is that the lien filed by the plaintiff was invalid. This defense, if true, is not available to Strong. Nor can it make any difference to him whether or not the plaintiff has brought in as parties to this action the sureties on the bond given by Strong to the village for the proper performance of his contract, or the person who has succeeded to his rights under his contract with the village. If the facts stated in the complaint are true, Strong is liable to the plaintiff therefor, irrespective of the rights or liabilities of other parties. Both demurrers are sustained with costs, and with leave to each party to plead over within 20 days on payment of such costs.

Demurrers sustained, with costs, with leave to each party to plead over within 20 days on payment of costs.