CLAPPER v. STRONG et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. MECHANICS' LIENS FOR PUBLIC IMPROVEMENT.
     Laws 1897, p. 520, c. 418, § 12, relative to notice of liens on account of public improvements, and which does not require the notice to be verified, is complete in itself, and not to be read with section 9, p. 518, relative to notice of liens on real estate.

2. SAME—COMPLAINT FOR FORECLOSURE.
     A complaint against a village and S. to foreclose a mechanic's lien, alleging that S. contracted with the village to construct for it a reservoir, which contract has been partially completed, and that plaintiff contracted with S. to perform certain labor, which he has fully performed, but for which he has not been paid, is subject to demurrer of the village because not showing that plaintiff's services were performed on any contract between S. and the village, or that anything is due from the village.

Appeal from Special Term, Columbia County.

Action by Seward Clapper against Robert H. Strong and the village of Nassau. From an order and from an interlocutory judgment entered thereon, sustaining the demurrer of the village to the complaint (83 N. Y. Supp. 935), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

N. B. Spalding, for appellant.
Frost, Daring & Warner (S. J. Daring, of counsel), for respondents.

CHASE, J. The plaintiff performed work for the defendant Strong. The defendant Strong performed work and furnished materials for the defendant the village of Nassau, a municipal corporation. Plaintiff duly filed with said village an unverified notice of lien in the form prescribed by section 12 of the lien law (chapter 418, p. 520, Laws

1897), for the value of the work so performed by him under his contract with said Strong. This action is brought to foreclose said lien. The corporation demurred to the plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff was given leave to amend his complaint. The respondent insists that it is necessary to verify a notice of lien on account of public improvements, and that without such verification the notice is a nullity. Prior to the passage of the lien law above cited there were two separate acts regulating the filing of mechanics' liens—one of 1885 (chapter 342, p. 585, Laws 1885), where the lien was against real property for claims arising for the improvement thereof; the other of 1878 (chapter 315, p. 403, Laws 1878) where the lien was against the fund in the control of a city and applicable to the payment of public improvements made by it therein. Brace v. City of Gloversville, 39 App. Div. 25, 56 N. Y. Supp. 331. Some sections of article 1 of said lien law (Laws 1897, p. 514, c. 418) apply only to private property, and others only to public improvements. Brace v. City of Gloversville, 167 N. Y. 452, 60 N. E. 779. Section 9, p. 518, of said lien law relates to notices of lien on real property, and section 12 to notices of lien on account of public improvements. A lien for public improvements does not attach to any real property, but is confined to the fund in the possession of the municipality applicable to the payment of the public improvement on account of which the services were rendered or materials furnished. None of the provisions in either of the sections referred to purport to extend to or affect liens other than those expressly provided for in the section. Said section 12 is complete in itself, and it can and should be construed without reading with it section 9, which relates wholly to an entirely different lien. Only the general provisions of article 1 of said lien law are applicable to the different liens in said article mentioned. Section 12 of said lien law is a substitute for sections 2 and 3 of chapter 315, p. 404, of the Laws of 1878, as amended by sections 2 and 3 of chapter 629, pp. 1180, 1181, of the Laws of 1892. Report of Commission of Statutory Revision 1897. The omission from said section 12 of the provision relating to the verification of the notice of lien contained in the statutes of which said section is a substitute must have been intentional. The lien law does not show that it is the policy of the Legislature to prevent liens being filed without the solemnity of a verification. There is no provision in said section 12 for verifying a notice of lien on account of public improvements; neither is there any provision requiring a verification of a notice of lien provided for by either articles 4 or 5, pp. 530, 531, of said lien law; and statements to be filed at the expiration of the first or any succeeding term of one year after the filing of a chattel mortgage are not required to be verified. We conclude that it is not necessary to verify notices of lien filed on account of public improvements. See Hidecker on Mechanics' Liens, 72, 206. The demurrer, however, was properly sustained for the reasons stated by the court at Special Term. Clapper v. Strong (Sup.) 83 N. Y. Supp. 935.

The judgment and order should be affirmed, with costs, with leave to amend complaint upon payment of costs within 20 days after the entry of judgment of affirmance and notice thereof. All concur.