ROCKLAND LAKE TRAP ROCK CO. v. VILLAGE OF PORT CHESTER
et al.

(Supreme Court, Appellate Division, Second Department. March 10, 1905.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—LIENS—NOTICE—FILING.
    Under the lien law (Laws 1897, p. 525, c. 418, § 22), requiring notice of a lien for materials furnished for a public improvement to be filed with the head of the department or bureau having charge of the construction of the improvement, a notice of lien for materials furnished in macadamizing a village avenue was properly served on the chairman of the committee on roads and bridges of the board of trustees of the village.

2. SAME—VERIFICATION.
    Liens filed against a village on account of public improvements need not be verified.

3. SAME—ENFORCEMENT OF LIENS—CONTRACT—ABANDONMENT.
    In a proceeding against a village to enforce liens for material, etc., furnished for a street improvement, it was immaterial that the contract was unjustifiably abandoned.

4. SAME—ORDERS—VALIDITY—FILING.
    Under the express provisions of the lien law (Laws 1897, p. 521, c. 418, § 15), orders on a fund due from a village for a public improvement not filed in the office of the county clerk were invalid.

5. SAME—INVALID ORDERS—PAYMENT.
    Where a village paid orders drawn by a contractor for a public improvement which were invalid, the village was not entitled to the benefit of such payment as against materialmen, etc., entitled to a lien on the fund due the contractor for materials furnished.

**6. SAME—COSTS.**

> Under Code Civ. Proc. § 3418, providing that, in an action to foreclose a lien on account of a public improvement, if the court finds that the lien is established, it shall render judgment directing the municipal corporation to pay over to the lienors so much of the funds due to the contractor as will satisfy the liens, with interest and costs, not exceeding the amount due to the contractor, a judgment directing payment of such liens, but limiting the costs to the amount found due to the contractor, was proper.

Appeal from Westchester County Court.

Action by the Rockland Lake Trap Rock Company against the village of Port Chester, impleaded with others. From a judgment in favor of plaintiff for less than the relief demanded, both parties appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Grenville T. Emmett, for plaintiff.

Louis S. Phillips (Arthur R. Wilcox, on the brief), for defendant village of Port Chester.

De Witt H. Lyon, for defendants Studwell and others.

PER CURIAM. This action was brought by the Rockland Lake Trap Rock Company for the purpose of foreclosing alleged mechanics' liens filed by the plaintiff and various defendants (subcontractors, laborers, and materialmen) against funds in the hands of the village of Port Chester applicable to the payment of the contract price agreed to be paid under a contract entered into May 31, 1902, between the village of Port Chester and defendant Thomas J. McKenna, as contractor, for the regulating, grading, and macadamizing of Westchester avenue, in said village. The referee has found that the sum of $2,340.24 remained in the hands of the village, applicable to the construction of the said improvement, unpaid and due the contractor upon the said contract, and for extra work, which sum was subject to the payment of liens filed by parties to the action, and directed judgment against the village for the payment of such liens, in specified amount and priority, together with costs, but not exceeding the said sum of $2,340.24. From the judgment entered, the village appeals, and the plaintiff and certain defendant lienors appeal from so much of the judgment as limits the costs to the fund appropriated and available for the construction of the improvement.

The first question to be considered is whether the plaintiff's notice of lien was filed in such a manner as to make it effective against the village of Port Chester. The lien law requires a notice to be filed with the head of the department or bureau having charge of the construction of the public improvement. This public improvement was made by the village of Port Chester, and the plaintiff and the other lienors, excepting Studwell, Stamboni, the American Sewer Pipe Company, and Sherwood, served their notices upon Charles E. Lounsbury, chairman of the committee on roads and bridges of the village board of trustees. It seems to us quite clear that this committee was the head of the department or bureau hav-

ing charge of the work in question, within the meaning of the statute, especially in view of the declaration of the statute itself that it is to be construed liberally in order to secure the beneficial interests and purposes thereof, and that a substantial compliance with its several provisions shall be sufficient for the validity of a lien. Lien Law (section 22, c. 418, p. 525, of the Laws of 1897). The four other lienors above named served their notices upon the president of the village, and no question is raised as to the propriety of such service.

The other objections to the judgment may be briefly considered. It is urged that some of the liens were improperly verified, but it has been held that liens filed against a village on account of public improvement do not require verification. Clapper v. Strong, 90 App. Div. 536, 85 N. Y. Supp. 748. The contention that, inasmuch as the contract was unjustifiably abandoned, none of the lienors can recover upon the contract, is answered by the fact that the lienors are not seeking to recover upon the contract, but upon their liens. The finding of the referee that the three Horton orders were invalid, because not filed in the office of the county clerk, is in accordance with section 15 of the lien law (page 521), which declares that no order shall be valid until "a copy of such order be filed in the office of the county clerk," and in Brace v. City of Gloversville, 167 N. Y. 452, 60 N. E. 779, it is expressly held that this section applies to contracts for public improvements. We cannot assent to the proposition that, assuming these orders to have been invalid, their payment by the village before any lien was filed entitled the village to claim the benefit of such payment against a lienor. To so hold would be to make a plea of the payment of invalid orders available as a bar against the maintenance of otherwise valid liens.

As to the cross-appeals of the plaintiff and other lienors from that part of the judgment which limits the costs to the amount found due to the contractor, we think that the referee was bound by the provisions of section 3418 of the Code of Civil Procedure, which provides that, in an action to foreclose a lien on account of a public improvement, if the court finds that the lien is established, it shall render judgment directing the municipal corporation to pay over to the lienors entitled thereto "so much of the funds or money which may be due from the state or municipal corporation to the contractor, as will satisfy such liens, with interest and costs, not exceeding the amount due to the contractor."

We think that the case was disposed of below without error affecting any substantial right of the appellants, and that the judgment should be affirmed.

Judgment affirmed, without costs of this appeal to any party.