Alexander E. Brace et al., Appellants, *v.* The City of Gloversville et al., Defendants.

William Holden et al., Respondents.

1. Mechanic's Lien — Requirement of Filing of Assignments of Contracts and Orders for Money Due Thereon Applies to Public Contracts. The provisions of section 15 of the Lien Law (L. 1897, ch. 418), that "no assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or sub-contractor upon the owner of such real property for the payment of such money shall be valid until the contract or a statement containing the substance thereof and such assignment or a copy of each, or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated, * * *" apply to public contracts as well as to those with private persons.

2. When Copy of Contract need not Be Filed with Order. The requirement of that section, that a copy of the contract or statement of its substance be filed, applies only to an assignment of the contract and not to an order for money due thereon, in which case the filing of the order, if it clearly identifies the contract, is sufficient.

3. Contractor Does not Assign Contract by Giving Order for Money Due Thereon. A contractor, by giving an order upon a fund to accrue from the performance of a public contract, neither assigns, sub-lets nor disposes of the contract nor his power to execute the same, and does not contravene thereby the provisions of chapter 444 of the Laws of 1897, prohibiting such assignment, sub-letting or disposal without the previous consent in writing of the department or official awarding the same.

*Brace* v. *City of Gloversville*, 39 App. Div. 25, affirmed.

(Argued May 22, 1901; decided June 11, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 11, 1899, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. D. Wright* for appellants. The court below erred in holding that the plaintiffs were not entitled to a lien upon the funds appropriated for the building of the schoolhouse; and that by the service and the filing of the order, and the order only, the defendants Holden & Son acquired a valid title and right to said fund superior to the rights of the plaintiffs and their liens thereon. (L. 1896, ch. 915; L. 1897, ch. 418, § 15; L. 1897, ch. 444; *B. & C. Co.* v. *Ward,* 15 App. Div. 386; *Lauer* v. *Dunn,* 115 N. Y. 405.) The order is invalid for the reason that defendants Holden & Son did not file with the said order in the Fulton county clerk's office the contract, or a copy of it, or a statement containing the substance of it as required by the statute. (L. 1897, ch. 418, § 15; *Lawrence* v. *Dawson,* 50 App. Div. 570.) The order given by Langham to Holden & Son was not sufficient to act as an equitable assignment and did not operate to give Holden & Son any title to said fund. (*Holmes* v. *Evans,* 129 N. Y. 144; *McKay* v. *City of New York,* 46 App. Div. 585.)

*Frank Talbot* for respondents. The order given the respondents Holden by the defendant Langham, a copy of which was filed in the county clerk's office February 23, 1898, and the original served on the president of the board of education March 12, 1898, effected to the extent of the amount secured thereby an equitable assignment of all moneys then due to said Langham, or which should thereafter grow due to him, upon the contract therein mentioned. (*Brill* v. *Tuttle,* 81 N. Y. 454; *People ex rel.* v. *Comptroller,* 77 N. Y. 45; *Hirshfield* v. *Ludwig,* 69 Hun, 554; *Beardsley* v. *Cook,* 143 N. Y. 143; *Bates* v. *S. S. Nat. Bank,* 157 N. Y. 322; *Hurd* v. *J. P. I. Co.,* 13 Misc. Rep. 643; *Hondorf* v. *Atwater,* 75 Hun, 369; *Mahoney* v. *McWalters,* 3 App. Div. 248; *Murray* v. *Micolino,* 83 Hun, 564; *B. & C. Co.* v. *Ward,* 15 App. Div. 386; 162 N. Y. 618.) The order did not violate the provisions of the contract against assignment or sub-letting, or chapter 444 of the Laws of 1897. (*Fortunato* v. *Patten,* 147 N. Y. 277; *Hackett* v. *Campbell,* 10 App. Div. 523; 159 N. Y. 537;

*Brewster* v. *City of Hornellsville*, 35 App. Div. 161 ; *McKay* v. *City of New York*, 46 App. Div. 579 ; *Goodman* v. *Niblack*, 102 U. S. 556 ; *Bailey* v. *U. S.*, 109 U. S. 432 ; *Hobbs* v. *McLean*, 117 U. S. 567 ; *Salisbury* v. *Howe*, 87 N.Y. 128 ; *Thayer* v. *Marsh*, 75 N. Y. 340 ; *Vose* v. *Cockcroft*, 44 N. Y. 415.) Section 15 of the Lien Law has no relation to contracts for public improvements, of which the case at bar is an instance ; and although a copy of the order was duly filed in the county clerk's office nearly a month before the first of plaintiffs' liens, such filing was not required, and its absence would have been no bar to a recovery upon said order. (*McKay* v. *City of New York*, 46 App. Div. 579 ; *B. L. & R. Co.* v. *Garland*, 164 U. S. 1 ; Endlich on Stat. §§ 42, 127, 203, 368, 381, 490 ; Suth. on Stat. Const. § 256 ; *Allen* v. *Russell*, 39 Ohio, 336 ; *Scheftels* v. *Tabert*, 46 Wis. 439 ; *Morris* v. *Stevenson*, 69. Ala. 448 ; *Claflin* v. *C. Ins. Co.*, 110 U. S. 81 ; *Davis* v. *Davis*, 75 N. Y. 221 ; *U. S.* v. *Le Bris*, 121 U. S. 278.) The copy order filed by respondents contained a statement of the substance of the contract within the meaning of section 15 of the Lien Law. (*McCluskey* v. *Cromwell*, 11 N. Y. 593 ; *Millered* v. *L. O., A. & N. Y. R. R. Co.*, 9 How. Pr. 238 ; *Matter of Boyd*, 35 N. Y. S. R. 37 ; *Tubridy* v. *Wright*, 144 N. Y. 519 ; *Spruck* v. *McRoberts*, 139 N. Y. 193 ; *Stevens* v. *Ogden*, 130 N. Y. 182 ; *McCorkle* v. *Herrman*, 117 N. Y. 297 ; *Union Ins. Co.* v. *Hoge*, 21 How. [U. S.] 35 ; *United States* v. *Moore*, 95 U. S. 760 ; *Cooper Mfg. Co.* v. *Ferguson*, 113 U. S. 727.)

CULLEN, J. This action is brought to foreclose two mechanics' liens filed by the plaintiff against funds in the hands of the chamberlain of the city of Gloversville, applicable to the payment of a contract for building a schoolhouse in that city. The controversy is between the plaintiffs and the defendants William and Charles Holden. Both parties claim under the defendant George Langham, who contracted with the city for building the schoolhouse, the plaintiffs, by virtue of two mechanics' liens, one filed March 19th,

1898, and the other June 11th of the same year, and the defendants Holden under an order drawn by the contractor Langham on the board of education of the city and filed in the county clerk's office on February 23rd, 1898.

This order was given for materials furnished to Langham for the prosecution of his contract and constituted an equitable assignment of the fund, its form being in our opinion clearly sufficient for that purpose ; and the first question to be determined is the validity of that order under the requirements of the Lien Law (Chap. 418, Laws of 1897). The order is attacked because no copy of the contract or statement containing its substance has been filed, which it is contended is directed by section 15 of said statute. The Appellate Division disposed of this claim on the ground that the provisions of section 15 of the Lien Law do not apply to contracts for public improvements. The learned court was of opinion that throughout the first article of the statute a distinction is maintained between liens for the improvement of real property and liens for the construction of public improvements, and that because section 15 mentions only contracts for the improvement of real property it has no application to the case of public improvements. The court deemed this conclusion further supported by the consideration that prior to the enactment of the present law, liens on the real property of private owners and liens on public improvements were the subject of independent statutory regulations ; and that it was only in the former case that the law required assignments of the contract or orders on the fund accruing from the contract to be filed. (Chap. 915, Laws of 1896.) Though we are not disposed to underrate the force of these arguments, we have arrived at a different result. While it is true that some sections of article 1 of the Lien Law entitled " mechanics' liens " apply only to private property, and others only to public improvements, the fact that the regulations as to both classes of liens are prescribed by the same article of the same statute indicates a clear intention on the part of the legislature to assimilate the law as to the two classes so far as was prac-

ticable. The Lien Law is divided into several articles dealing with different subjects. 1. Mechanics' liens. 2. Liens on vessels. 3. Liens on monuments, etc. If a lien for labor or materials furnished in the prosecution of public works is to be deemed an entirely distinct matter from that in the case of private real property, it is difficult to understand why it was not made the subject of a distinct article. We think the fair rule of construction is that the various provisions of the article should be held to relate to all mechanics' liens except where the language of the section evidences a different intent or where from the nature of the subject regulations as to one class are inapplicable to the other. Every reason that dictates the requirement that public notice of orders or assignments should be given to those who may deal with the contractor on the faith of his contract applies with the same force to public contracts as to those with private persons. By section 22 it is provided: "This article is to be construed liberally to secure the beneficial interests and purposes thereof." Under this rule of construction we should not allow the beneficent provisions of section 15 to be defeated by too narrow an interpretation of its phraseology. We hold, therefore, that that section applies to public contracts. This is the view that was entertained by the learned Appellate Division of the first department in *McKay* v. *The City of New York* (46 App. Div. 579), though it held that the case was governed by the provisions of the Consolidation Act, which being a special and local statute was not affected by the general law. It is worthy of notice that by chapter 195 of the Laws of 1899 the special provisions of the Consolidation Act of the city of New York have been repealed.

We think, however, that under section 15 it was not necessary for the respondents to file a copy of the contract or statement of its substance, but that the filing of the order alone was sufficient. The section provides that no assignment or order for the payment of money shall be valid " until the contract or statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed

in the office of the county clerk," etc.   The plain reading of this provision requires a copy of the contract or statement of its substance to be filed only in case of an assignment of the contract, not in the case of an order, and there is nothing in the purpose of the statute that would justify or require enlarging the effect of the language used.   It is sufficient that the order clearly identifies the contract against the mone accruing from which the order is drawn.

It is further contended by the appellants that the order drawn in favor of the respondents contravenes the provisions of chapter 444 of the Laws of 1897, which prohibits under pain of forfeiture any public contractor " from assigning, transferring, conveying, subletting or otherwise disposing of the same (the contract), or of his right, title or interest therein, or his power to execute such contract to any other person, company or corporation, without the previous consent in writing of the department or official awarding the same." We think that a contractor by giving an order on the fund to accrue from the performance of his contract, neither assigns, sublets nor disposes of his contract nor his power to execute the same ; on the contrary, the negotiation of the order may secure to the contractor the very means to carry out his contract.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN and WERNER, JJ., concur ; LANDON, J., not sitting.

Judgment affirmed.