WILLIAM E. HARVEY, Plaintiff, v. GEORGE E. BREWER, Respondent, and GARRET L. HARDY et al., Appellants, Impleaded with Others.

MECHANIC'S LIEN — WHEN CONTRACTOR'S ORDER ACCEPTED BY OWNER CONSTITUTES PAYMENT TO SUB-CONTRACTOR AND IS NOT REQUIRED TO BE FILED. Section 15 of the Mechanics' Lien Law (L. 1897, ch. 418), requiring the filing of orders drawn by a contractor or sub-contractor upon the owner for moneys payable on the contract, in nowise affects payments made by the owner on account of labor performed or materials furnished under the contract. The acceptance by the owner, therefore, of an order drawn on him by the contractor for part of the moneys due upon the contract which order was made payable to a sub-contractor who had filed a mechanic's lien for the amount represented thereby, and the owner's promise in writing to pay it, accepted by the sub-contractor in satisfaction of his lien which was thereupon discharged of record, constitutes a payment and the filing of the order is not requisite in order to make it valid as against subsequent lienors.

Harvey v. Brewer, 82 App. Div. 589, affirmed.

(Argued February 24, 1904; decided March 4, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 5, 1903, affirming a judgment entered upon the report of a referee in an action to foreclose a mechanic's lien.

The facts, so far as material, are stated in the opinion.

*William B. Hurd, Jr.*, for appellants. The order was invalid because it was not filed, and the defendant Brewer cannot have it allowed though he paid it. (L. 1897, ch. 418, § 15; *Kenyon* v. *Walsh*, 31 Misc. Rep. 634; *Brace* v. *City of Gloversville*, 167 N. Y. 452.)

*William B. Anderson* and *William Williams* for respondent. Brewer's acceptance of the Van Brunt order on April 3, 1901, operated as a payment on the Conklin contract to the extent of $673. (*Gibson* v. *Lenane*, 94 N. Y. 183; *McCorkle* v. *Herman*, 117 N. Y. 297; *Risley* v. *P. Bank*, 83 N. Y. 318; *People ex rel.* v. *Comptroller*, 77 N. Y. 46.) Section 15 of the Mechanics' Lien Law affects the holder of an unaccepted and unrecorded order, but does not provide what shall or shall not be payment, or in any way affect a *bona fide* payment made prior to the existence of liens. (*McCorkle* v. *Herman*, 117 N. Y. 297; *Bates* v. *Bank*, 157 N. Y. 322; *Lawrence* v. *Dawson*, 50 App. Div. 570; *White* v. *Livingston*, 69 App. Div. 361; *Hall* v. *City of New York*, 79 App. Div. 102.)

PARKER, Ch. J. In the year 1900 Dr. Brewer made a contract with one Conklin to build for him a house for $8,025. Conklin made a contract with the Van Brunt Plumbing Co. to do a certain portion of the work, for which it filed a mechanic's lien on March 23d for $673. Two days later Conklin wrote a letter to Brewer requesting him to pay to the Van Brunt Plumbing Co. the sum due it, and for which its lien had been filed, and requesting him to deduct the sum from the last payment to Conklin on the contract price. This order Dr. Brewer accepted on April 3d, and promised, in writing, to pay the Van Brunt Plumbing Co. such sum. Upon the receipt of this promise the agent of the company indorsed upon the back of it the following: "Accepted April 3, 1901, Van Brunt Plumbing Co., per Ryder." Nine days thereafter the Van Brunt Plumbing Co., in consideration thereof, satisfied the mechanics' lien and discharged it of record. A month and eight days later defendants Hardy, Voorhees and others duly filed mechanics' liens. But in the meantime six other parties filed mechanics' liens for various sums; and in an action of foreclosure of the first lien filed, it appeared that the balance due on the contract and for extras was insufficient to satisfy appellants' lien, and they

insist that notwithstanding the acceptance of Conklin's order of March 25th, and its subsequent payment on June 19th by Dr. Brewer, that the latter was not entitled to be credited with such sum of $673 as a payment on account of the contract price and for extras. They insist that the transaction which we have described between Conkling, the Van Brunt Plumbing Co. and Dr. Brewer was within section 15 of the Lien Law, which provides that " No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or subcontractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk. * * * "

This section is supposed to be due to a decision of this court in *Bates* v. *Salt Springs Natl. Bank* (157 N. Y. 322), holding that in the absence of anything to the contrary in the contract, and before any notice of mechanic's lien is filed, the contractor may assign to his creditor in payment of his debt the whole or any portion of the moneys due or to become due under the contract, and the assignee acquires a preference over a subsequent lienor.

That statute was recently before this court in *Brace* v. *City of Gloversville* (167 N. Y. 452), where it is held to apply to public contracts as well as to those with private persons, and in that particular case it is said that the order which was given for materials furnished to the contractor constituted an equitable assignment of the fund. That is the view taken by this court of such an order in *McCorkle* v. *Herrman* (117 N. Y. 297) and in *Bates* v. *Salt Springs Natl. Bank* (*supra*).

So, if what was done here was in effect either an absolute or equitable assignment of so much of the fund as the order named, it would come within the condemnation of section 15 of the Lien Law (*supra*). That section indicates that the legislature was of the opinion that the protection of the

laborers and materialmen made it necessary that notice of an assignment of the contract or the moneys due thereunder or some part thereof, or an order drawn by a contractor upon the owner, ought to be given to those interested, and so it provided that such an assignment or order should not be valid "until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order be filed" in the proper county clerk's office.

It will be observed, however, that the section only applies to an assignment of the contract or of the whole or some part of the moneys due or to become due thereunder, or an order drawn by the contractor or sub-contractor upon the owner, so that it in nowise affects payments made by the owner on account of labor performed or materials furnished under the contract. The statute does not hinder or embarrass an owner who in good faith makes such a payment before the filing of liens.

Now, the referee before whom this case was tried, and the Appellate Division as well, reached the conclusion that the transaction between Conklin, Dr. Brewer and the Van Brunt Plumbing Co. amounted to a payment of the $673 due the Van Brunt Plumbing Co., and for which it had filed a valid lien nearly two months before appellants' lien was filed. We concur in that view.

A valid lien having been acquired by the Van Brunt Plumbing Co. for $673 due to it, Conklin, the contractor, in order to secure an immediate satisfaction and discharge of the lien, gave to the company an order upon Dr. Brewer, the owner, for the amount due, which he at once accepted, and promised in writing to pay. That promise the Van Brunt Plumbing Co. accepted in satisfaction of their lien, which was thereupon discharged of record. All this transpired before the filing of appellants' lien, and constituted a payment by the owner on account of the sum due under the contract with Conklin, for when the Van Brunt Plumbing Co. accepted Dr. Brewer's written promise to pay the order drawn on him

by Conklin, and discharged the lien of record, the legal effect of the transaction was, as against the contractor and subsequent lienors, precisely as if Dr. Brewer had immediately paid to the Van Brunt Plumbing Co. the amount due to it and specified in the order of Conklin.

It follows that the judgment should be affirmed, with costs.

GRAY, O'BRIEN, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.