(57 Misc. Rep. 78.)

## GOSS v. WILLIAMS ENGINEERING CO.

(Supreme Court, Special Term, New York County. December, 1907.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—LIENS—NOTICE—EFFECT.

Under Laws 1897, pp. 518, 520, 522, c. 418, §§ 9, 12, 17, providing for notice of a mechanic's lien for materials furnished the contractor for the construction of a municipal improvement, no lien is given for materials to be furnished after the notice is filed.

2. SAME.

An order extending for six months a lien filed for the agreed price of materials not yet furnished under a contract for a municipal improvement will be vacated on motion.

Notice of lien by John L. Goss, served on the city of New York, in the matter of a contract by the commissioner of bridges with the Williams Engineering & Contracting Company. Motion to vacate an order extending municipal lien filed for agreed price of materials not yet furnished. Motion granted.

Kellogg & Rose, for the motion.
William R. Hill, for lienor.

BRADY, J. This is a motion made to vacate an order extending for six months the lien of John L. Goss for $108,000 against the moneys due and to become due under a municipal contract. On June 8, 1907, John L. Goss filed with the comptroller of the city of New York a notice under the lien law, claiming to have a lien for the principal and interest of the value and agreed price of certain materials therein specified upon the moneys of said city applicable to the construction of a public improvement to the extent of the amount due upon a contract made by said city by the commissioner of bridges with Williams Engineering & Contracting Company, contractors in the construction of said improvement. Said notice alleged that the whole amount claimed to be due and to become due was $144,000, that about 25 per cent. of said materials had been furnished and paid for, and that 75 per cent. of said materials were not furnished. The lien was, therefore, filed solely for a claim for $108,000 worth of materials not yet furnished by the lienor. The materials consisted of granite, and were to be paid for at the agreed price of $9 per cubic yard in 45 days after the delivery of each cargo at the location of the public improvement. On the 30th day of August, 1907, in the ex parte application of the attorney for the lienor on his own affidavit, an order was made extending the lien for six months. This application is to vacate and set aside that order, upon the ground that the lien was absolutely illegal and void upon its face and the court was without jurisdiction to grant the same.

The present authority in law for the filing of a lien for materials furnished or to be furnished in the construction of an improvement, either private or municipal, is found in chapter 418, p. 514, Laws of 1897, entitled therein "The Lien Law." The chapter provides for mechanics' liens on real property, liens under contract for public improvements, liens for labor on railroads, and other liens. A marked

difference is observable in the language used in the various sections which make provisions for the several kinds of liens. Section 3 (page 516) provides that one who furnishes materials for the improvement of real property shall have a lien upon the real property improved or to be improved. Section 5 (page 517) provides that a person furnishing materials to a contractor for the construction of a public improvement, pursuant to a contract by such contractor with a municipal corporation, shall have a lien for the principal and interest of the value or agreed price of such materials upon the moneys of the municipal corporation applicable to the construction of such improvement. Section 9 (page 518) provides that a notice of mechanic's lien filed against real property shall state (3) the name of the person to whom the lienor furnished or is to furnish materials; (4) the materials furnished or to be furnished; (5) the amount unpaid to such lienor. It is quite apparent from this language that a mechanic's lien against real property can be filed in anticipation of the delivery of materials. Section 12 (page 520), however, which refers to a municipal lien, contains language differing materially from that of section 5. It provides that the notice shall state the name of the contractor for whom the materials were furnished, the amount claimed to be due or to become due, the date when due, a description of the public improvement upon which the labor was performed and materials expended, and the kind of labor performed and materials furnished. This language plainly indicates a right to a lien only for work actually done or materials actually furnished, and further proof of this is found in section 17 (page 522), which, in providing for the duration of a municipal lien says:

"If the lien is for labor done or for materials furnished for a public improvement," etc.

Both verbs are used in the past tense and plainly indicate that the materials must have been already furnished. I have examined carefully the opinion of the court in the case of Brace v. City of Gloversville, 167 N. Y. 452, 60 N. E. 779, cited by counsel for the lienor, and note the declarations of the court in that opinion that the language of section 22, viz.: "This article is to be construed liberally to secure the beneficial interests and purposes thereof"—prohibits a too narrow interpretation of the phraseology of the act, but at the same time I note the further declarations in the same opinion that:

"The fair rule of construction is that the various provisions of the article should be held to relate to all mechanics' liens, except when the language of the section evidences a different intent, or where from the nature of the subject regulations as to one class are inapplicable to the other."

I am of the opinion that the language of sections 9, 12, and 17 (pages 518, 520, 522) evidences an intention to distinguish clearly between a mechanic's lien upon real estate and a municipal lien, in so far as to authorize a lien in the former case for materials not yet furnished and to restrict a lien in the latter case to materials already furnished. The motion to vacate the order extending the lien should therefore be granted.

Motion granted.