(165 App. Div. 707)

### KELSEY SMITH & CO. v. DOUGLAS et al.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

MECHANICS' LIENS (§ 114*)—PRIORITY—ASSIGNMENTS OF MONEY DUE UNDER CONTRACT—ORDERS BY CONTRACTOR.

   Under Laws 1897, c. 418, § 15, providing that no assignment by a contractor of the money due, or to become due under the contract, or an order drawn by the contractor on the owner, shall be valid until the contract, and the assignment or order, or copies thereof, are filed in the office of the county clerk, an assignment by a contractor of the amount due and to become due under his contract as collateral security for an existing debt or an order on the owner, does not create priority over subsequent lienors, unless it or the required copies are filed in the proper office.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. § 114.*]

Appeal from Special Term, Westchester County.

Action by Kelsey Smith & Co. against William H. Douglas and others for the foreclosure of mechanics' liens. From a judgment granting relief, defendant the Dinkel & Jewell Company appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Frank D. Briggs, of Tarrytown, for appellant.

Joseph L. Glover, of White Plains, for respondent Pascal Tristini.

RICH, J. This action is brought for the foreclosure of a mechanic's lien, filed first in point of time by a subcontractor, and later liens by laborers, all assigned to plaintiff. The other defendants are subsequent lienors and persons interested in the distribution of a fund of $639.54 found to remain in the hands of the owner applicable to the payment of liens. The question presented is whether the appellant, as the assignee of the contractor, is entitled to such fund as against the respondent Tristini, whose lien is for labor performed by himself and who is the assignee of several other laborers who perfected and subsequently assigned their liens therefor, and this question rests solely upon the determination as to whether it was necessary for the appellant, in order to give validity and priority to its assignment, to file, under the requirements of section 15, art. 2, of the Lien Law (Consolidated Laws, c. 33), the contract, or a statement containing the substance thereof, entered into by the owner and his contractor, the appellant's assignor.

The facts, so far as material to the question presented, are as follows: The defendant Englis, some time prior to March 27, 1913, entered into a contract with the defendant Douglas for repairing a building owned by the latter for $4,500. Extra work, including material, was rendered. The owner paid his contractor on account $5,247.12. The contractor did not complete his contract, and the owner was allowed $751.75 for its completion. On January 6, 1913, the contractor executed and delivered to the appellant, as collateral security for materials furnished and actually used in the repair of the building, the following assignment, under which it claims priority and to be entitled to the whole of said fund:

"This agreement, made between G. H. Englis of Dobbs Ferry Road, White Plains, New York, party of the first part; and Dinkel & Jewell Company, a domestic corporation, of Tarrytown, county of Westchester, and state of New York, party of the second part. In consideration of one (1) dollar and other good and valuable consideration, to the party of the first part in hand paid by the party of the second part, the party of the first part hereby assigns, transfers and sets over unto the said party of the second part, the sum of $1,500.00 out of any payment, or payments, due or to become due to the party of the first part from W. H. Douglas of North Tarrytown, N. Y., on a certain contract made by the said party of the first part with said W. H. Douglas for repair work on a building now erected on the property of W. H. Douglas located at Gorey Brook Road, North Tarrytown, N. Y., hereby authorizing the said W. H. Douglas to pay the party of the second part, or its order, the said sum of $1,500.00, or, in the event, of any payment due or to become due, not amounting to said sum of $1,500.00 then, in that event, the whole of said payment and so on until the said sum of $1,500.00 is fully paid; and the said party of the first part hereby authorizes the said party of the second part to receive, sue for, and receipt for the same as fully as the party of the first part could or would do were this assignment not made. Any money received by the party of the second part under this assignment is to be applied as received upon account of the indebtedness from the party of the first part to the party of the second part, said assignment being intended to be collateral to and not in payment of the same. The right to file

a mechanic's lien for any indebtedness arising thereunder shall be in no way affected by this instrument."

On this assignment $500 was later paid, leaving unpaid thereon the sum of $1,000. On January 14, 1913, notice of such assignment was served by the appellant upon the owner. On February 26, 1913, at 2:25 o'clock p. m., Fred Russell, a subcontractor, filed a lien for $146, which was later assigned to the plaintiff. On the same day, at 3:07 p. m., the appellant filed a lien for material for $1,287.35 and its assignment from the contractor for $1,500, but did not file the contract, a copy thereof, or any statement containing its substance. On February 28th following, at 1:13 p. m., William J. Odell filed a lien for labor performed by him on said building for $44, and on the same day and at the same hour William Taxter filed a lien for labor performed by him on said building for $44, both of which liens were later assigned to the plaintiff. On March 25, 1913, at 10:12 a. m., the respondent Tristini filed a lien for labor performed by him for $288.02. On March 27th following, four liens, amounting in the aggregate to $321.45, were filed by laborers for work done by them upon said building and later assigned to Tristini. The learned trial court found such liens entitled to priority as follows, and directed payment and distribution of the fund accordingly: First, that of the plaintiff as assignee of Odell, $44; second, that of the plaintiff as assignee of Taxter, $44; third, that of the respondent Tristini, $288.02; fourth, fifth, sixth, and seventh, that of said respondent as the assignee of said four laborers, amounting to $321.45 in the aggregate, which exhausted the fund.

The appellant contends that under the authority of Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270, an order drawn upon a contractor, payable by its terms out of a sum due or to become due from the owner under his contract, made in good faith and for a valuable consideration, notice thereof having been given the owner prior to the filing of any lien, gives to its holder a prior right to that portion of the fund represented by such order which cannot be defeated by subsequent liens, and that under the authority of Bates v. Salt Springs Nat. Bank, 157 N. Y. 322, 51 N. E. 1033, in the absence of anything to the contrary in the contract and before a notice of lien is filed, a contractor may assign to his creditors in payment of his debt the whole or any portion of the money due or to become due under the contract, and the assignee acquires a preference over a subsequent lienor. The Lauer case was decided in 1889, and the facts presented in the Bates Case arose in and prior to 1892. Under the law as it then existed, the appellant's contention would have been correct. Chapter 418 of the Laws of 1897 changed the provisions of the former statute, and, as the Court of Appeals held in Harvey v. Brewer, 178 N. Y. 5, 70 N. E. 73, it was enacted to meet the decision of that court in the Bates Case. It provides (section 15) that:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or subcontractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk."

Since this statute became operative, an assignment, legal or equitable, by a contractor of money due or to become due under his contract, or an order therefor drawn by a contractor upon the owner, has no priority over subsequent lienors, and no validity, unless and until it or a copy, together with the contract, a copy thereof, or a statement containing its substance, are duly filed in the proper office. Harvey v. Brewer, 178 N. Y. 5, 7, 70 N. E. 73; Van Kannel Revolving Door Co. v. Astor, 119 App. Div. 214–217, 104 N. Y. Supp. 653.

Concededly section 15 was not complied with, and the appellant did not, by filing his assignment, acquire priority over the liens for labor subsequently filed. The instrument upon which the appellant relies is an assignment and not an order. It is not given in payment of a debt owing by the contractor. It is given as a collateral security to an existing debt; but, if it was an order for the payment of an existing debt, that fact would not benefit the appellant, for the statute requires the same essential procedure to give validity to an order for the payment of an existing debt that it does to give validity to an assignment of money due or to become due under the contract.

Appellant's further contention, that the respondent Tristini was a subcontractor and not a laborer, is without merit.

The judgment must be affirmed, with costs. All concur.