WILLIAMS ENGINEERING AND CONTRACTING COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, December 29, 1916.

Contract — construction contract — necessity for filing contract and assignment under Lien Law, section 15 — statute construed — filing as condition precedent to action for damages for breach of contract — evidence of assignment.

Section 15 of chapter 418 of the Laws of 1897 (now incorporated in Lien Law, section 15), providing that "No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property  *  *  *  shall be valid until the contract or a statement containing the substance thereof and such assignment or a copy  *  *  * be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated," applies to *all* assignments and is not limited to mechanics' liens and the rights of lienors.

Hence, a contractor with the city of New York, which has failed to file its contract for bridge work and an assignment thereof in compliance with the statute, is not entitled to maintain an action for prospective profits and delays upon an alleged breach of said contract.

Evidence examined, and *held*, insufficient to establish that an assignment of the contract was made to the plaintiff by its predecessor.

The city, having received the benefit of work performed and materials furnished, and having paid for them as stipulated under the contract, is not entitled to counterclaim for payments made in an action for a breach of the contract.

DOWLING and LAUGHLIN, JJ., dissented, with opinion.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of April, 1915, upon the report of a referee appointed to hear and determine the issues, and also from an

**572** WILLIAMS ENGINEERING & C. CO. *v.* CITY OF NEW YORK.

First Department, December, 1916. [Vol. 175.

order entered in said clerk's office on the 24th day of April, 1915, granting plaintiff's motion for an extra allowance.

*E. Crosby Kindleberger,* for the appellant.

*L. Laflin Kellogg,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages consisting of prospective profits and for delays upon the alleged breach of a contract between the plaintiff and defendant for the construction of certain power houses, elevator towers and other work upon the Blackwell's Island bridge over the East river between the boroughs of Manhattan and Queens. The answer put in issue the material allegations of the complaint and set up, among other affirmative defenses, that the contract was between the city and the Williams Engineering and Contracting Company, a partnership, and that the same had never been assigned by such firm to the plaintiff, a corporation, nor an assignment or copy filed in the office of the county clerk of the county where the real property improved or to be improved is situate; also counterclaims for moneys paid under the contract. The issues raised by the pleadings were sent to a referee to hear and determine, who after protracted hearings, reached the conclusion that the counterclaims should be dismissed and that plaintiff was entitled to recover the sum of $230,524.94, together with the costs, and an extra allowance of $2,000. Judgment was accordingly entered upon his report for the sum of $239,875.51, from which the city appeals.

To properly appreciate the question upon which a determination of the appeal turns a brief statement of the facts leading up to the making of the contract and the subsequent proceedings thereunder is necessary. On the 9th of December, 1903, the city, acting through one Lindenthal, commissioner of bridges, advertised for bids for the construction of certain power houses and elevator towers on the piers of the Blackwell's Island bridge. Upon the opening of the bids, and there were several, it was found that the bid ($685,000) of the Williams Engineering and Contracting Company, was the lowest, and on the 31st of December, 1903, the contract was awarded

to it.   The bid of this firm was dated and verified by John Williams on December 19, 1903, and it appears was made by a firm of that name, composed of John Williams, James H. Holmes and James F. Kennedy.   On June 9, 1904, the firm formed a corporation under the same name, and it is alleged assigned the contract to it.   It is further asserted that the assignment was consented to and approved by the commissioner of bridges. The corporation entered upon the prosecution of the work but sometime thereafter the bridge commissioner changed the plans by eliminating a very considerable portion of the work.   A dispute thereafter arose between the city and the corporation as to the damages to which the latter claimed it was entitled by reason thereof, as well as for delays in the prosecution of the work.   Te settle this dispute the city and the corporation, on the 6th of August, 1909, entered into what is termed a supplemental agreement, by which the matter was to be determined by a referee, which was done, with the result before stated.

The original contract (Clause UU) provided: "The contractor will give his personal attention constantly to the faithful prosecution of the work; he will not assign, transfer, convey, sublet or otherwise dispose of this contract, or his right, title or interest in or to the same or any part thereof, without the previous consent in writing of the Commissioner indorsed hereon or hereto attached; and he will not assign, by power of attorney or otherwise, any of the moneys to become due and payable under this contract, unless by and with the like consent signified in like manner.   If the contractor shall, without such previous written consent, assign, transfer, convey, sublet or otherwise dispose of this contract, or of his right, title or interest therein, or any of the moneys to become due under this contract, to any other person, company or other corporation, this contract may, at the option of the Commissioner, be revoked and annulled and the City shall thereupon be relieved and discharged from any and all liability and obligations growing out of the same to the contractor and to his assignee or transferee;   *   *·   *   and no right under this contract, or to any money to become due hereunder, shall be asserted against the City in law or in equity, by reason of any so-called assignment of this contract, or any part thereof, or of any moneys to grow

due hereunder, unless authorized as aforesaid by the written consent of the Commissioner."

At the trial the city seriously contested the right of the plaintiff to recover at all, upon the grounds, (a) that the contract was never assigned by the firm, Williams Engineering and Contracting Company, to the plaintiff corporation; and (b) if such assignment were made it was invalid because the plaintiff corporation had not complied with section 15 of chapter 418 of the Laws of 1897, being the former Lien Law (Gen. Laws, chap. 49). This section, which was in force at the time the alleged assignment was made, provided that "No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or sub-contractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated, and such contract, assignment or order shall have effect and be enforceable from the time of such filing. Such clerk shall enter the facts relating to such assignment or order in the 'lien docket' or in another book provided by him for such purpose."

Both Williams and Holmes, two members of the firm of Williams Engineering and Contracting Company, denied that there had been any assignment and there was no written evidence of it. Plaintiff, however, produced several witnesses who testified that such an assignment was made and approved by the bridge commissioner, but the same had been mislaid or lost. The referee found, basing his finding upon the testimony of these witnesses, that an assignment was, in fact, so made. The evidence as to the assignment having been made is quite unsatisfactory. The original contract was signed in triplicate and it is very significant, in a contract as important as this, involving so large an amount, and especially in view of the provision UU heretofore quoted, that no written evidence of such assignment or approval could be found. There was no

record of it in the comptroller's office, the bridge department, or the county clerk's office of the county where the real property to be improved is situate. The persons connected in one way or another with the alleged assignment were intelligent — some of them lawyers — and they must have appreciated the importance of preserving the document itself, to the end that the plaintiff's rights might be protected and yet it could not be produced or its absence accounted for. Who took it after it was executed, or what was done with it, was not made to appear. I have very serious doubt whether the finding of the referee that such assignment was made and approved by the bridge commissioner — when all of the evidence bearing upon that subject is considered — is not against the evidence. Considering the importance of the case and the unsatisfactory condition of the evidence on this branch of it, I am of the opinion that justice requires a new trial should be ordered, to the end that the evidence on this subject may be again considered. The conclusion, however, at which I have arrived, renders it unnecessary to place the decision upon that ground, because even if it be conceded that the assignment was in fact made as the referee has found, I do not see how the plaintiff can recover. No evidence was offered, nor is it even claimed that the alleged assignment was ever filed, together with a copy of the contract or a statement of its contents, in the office of the county clerk of New York or Queens. The referee held that the failure to thus file did not affect the rights of the parties to the litigation; in other words, that the section of the statute quoted was intended to apply to mechanics' liens and to the rights of lienors, and not to the rights of the parties to the contract itself. I am unable to put such construction upon the statute. The words used are unambiguous and the meaning seems clear. The language is: "No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property * * * shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy * * * be filed in the office of the county clerk of the county wherein the real property improved or to be improved

is situated." There is nothing to indicate that it was intended to apply solely to mechanics' liens and the rights of lienors; on the contrary, it is, if I read the section correctly, to apply to *all* assignments. Its purpose was to settle and determine the parties interested in a contract, or the payment of money thereunder, by requiring written evidence where the original party had transferred his interest. As was said in *Brace* v. *City of Gloversville* (167 N. Y. 452): "Every reason that dictates the requirement that public notice of orders or assignments should be given to those who may deal with the contractor on the faith of his contract applies with the same force to public contracts as to those with private persons. By section 22 it is provided: 'This article is to be construed liberally to secure the beneficial interests and purposes thereof.' Under this rule of construction we should not allow the beneficent provisions of section 15 to be defeated by too narrow an interpretation of its phraseology. We hold, therefore, that that section applies to public contracts." The filing of the assignment in the county clerk's office, as well as the filing of a contract, or the statement of its contents, was necessary, in my opinion, in order to enable the plaintiff to maintain an action of this character, which, it must be borne in mind, is to recover, not for work performed and materials furnished, but solely for delays and prospective profits. (*Smith & Co.* v. *Douglas,* 165 App. Div. 707; *Barrett* v. *Schaefer, Jr., & Co.,* 162 id. 52; *Riverside Contracting Co.* v. *City of New York,* 218 N. Y. 596.)

In *Riverside Contracting Co.* v. *City of New York* (*supra*) Judge HISCOCK, who delivered the unanimous opinion of the court, referring to an assignment to a bank of moneys to grow due it under a contract which had been filed in the county clerk's office, said: "It [the bank] acquired, subject to statutory requirements for filing, an absolute title to the moneys due under the contract and not in any sense a lien thereon such as is mentioned in the statute. Its title was dependent upon the inherent terms and force of the assignment and not upon any efficacy given to the latter by the Lien Law. The only effect of the statute on the assignment was to limit its operation by certain provisions concerning its filing."

But a case which, I think, is directly in point is *Asphalt Paving & Contracting Co.* v. *City of New York* (218 N. Y. 686). There, action was brought by an alleged assignee to recover under a paving contract. The assignment had not been filed in the county clerk's office. The complaint was dismissed at the trial. On appeal the judgment was affirmed by this court (167 App. Div. 925) and the decision of this court affirmed by the Court of Appeals. One of the grounds upon which the dismissal was placed was that the assignment had not been filed in the office of the county clerk of New York county or of the comptroller or the borough president. If, as contended by the respondent, the affirmance by the Court of Appeals was not upon the ground that the assignment had not been filed, then it seems to me that court would have so indicated.

Attention is called by respondent to *Asphalt Paving & Contracting Co.* v. *City of New York* (210 N. Y. 605) and the claim made that it is an authority to the effect that the filing of an assignment in the office of the county clerk is not necessary in order to give it validity. That question does not appear to have been considered or passed upon. The decision, as will appear from the opinions delivered in this court (See 149 App. Div. 622, 632), was put upon the ground that the giving of a notice to make the repairs was a condition precedent to the paving company's liability; that the notice given to a third party was not notice to the paving company; and that the claim that a third party was acting as assignee of the paving company was not sustained by the proof, and further, this defense was not set up in the answer.

As to the counterclaims which were dismissed by the referee, I am satisfied that his conclusion on that branch of the case is correct. The city is not in a position to reclaim the moneys paid. It received the benefit of the work performed and materials furnished, and having paid for them as it stipulated to do under the contract, it would be unjust and inequitable to require such money to be refunded.

It is not claimed that any further proof can be offered relating to the filing of the assignment in the county clerk's office. My conclusion, therefore, is that so much of the judgment and

order as determined that the plaintiff was entitled to recover should be reversed and the complaint dismissed, with costs. The findings that plaintiff was entitled to recover are also reversed.

CLARKE, P. J., and DAVIS, J., concurred; DOWLING and LAUGHLIN, JJ., dissented.

DOWLING, J. (dissenting):

I dissent from the reversal of the judgment herein both from the opinion expressed by this court that a new trial should be ordered as to the issue of whether there had been an assignment from the firm to the corporation, and from the conclusion reached by it that the complaint should be dismissed for the failure to file the assignment in the office of the county clerk of New York or Queens county. On the first point there was an issue of fact, and the plaintiff produced evidence sufficient in amount and quality to support, in my opinion, the conclusion of the referee that the assignment in question had been made. Moreover, there was evidence that the commissioner of bridges knew of the assignment and approved it before the work was begun. On the second point I am of the opinion that the requirement that the assignment, or a copy thereof, should be filed in the office of the clerk of the county where the real estate sought to be improved was located, is intended only for the protection of the priority of such assignment as against mechanics' liens subsequently filed. This has been explicitly held by the District Court of the United States for the Northern District of New York in *Matter of Interstate Paving Co.* (197 Fed. Rep. 371), in which Judge RAY discussed the effect of the decision in *Brace* v. *City of Gloversville* (167 N. Y. 452), and despite that opinion held it was not necessary to file such assignments in the county clerk's office to make them effective. In *Asphalt Paving & Contracting Co.* v. *City of New York, No. 2* (149 App. Div. 622, 632) the right of the assignee of the moneys due under the contract with the city for the regulating and paving with asphalt certain city streets was upheld, although that assignment never had been filed in any county clerk's office, and the judgment of this court was affirmed by the Court of Appeals without opinion (210

N. Y. 605). The record on appeal, both in this court and in the Court of Appeals, shows that the assignment was attacked by the city of New York as invalid upon the ground that it had not been filed in the appropriate county clerk's office. While the amount recovered as damages for the breach of the contract herein seems large in view of the amount of the contract price, and its relation to the other bids submitted for the doing of the same work, still there was before the referee testimony which, if credited by him, warranted the sum which he has awarded. But the question as to whether the amount of the recovery is excessive it is unnecessary to discuss in view of the action of the court.

I, therefore, favor the affirmance of the judgment appealed from.

LAUGHLIN, J., concurred.

Judgment reversed and complaint dismissed, with costs. Order to be settled on notice.