TUTTLE & BAILEY MANUFACTURING COMPANY, Plaintiff, *v.* GENERAL ELECTRIC COMPANY and Others, Defendants.

Supreme Court, Kings Special Term, December, 1922.

Mechanics' liens — order by contractor on owner — filing in clerk's office — when entitled to preference — Lien Law, § 15.

Where as required by section 15 of the Lien Law an order given by a contractor upon the owner for the payment of money due or to become due under a contract for the performance of labor or the furnishing of materials for the improvement of real property was filed in the office of the county clerk within ten days after date, said order is entitled to a preference over any liens subsequently filed, although it does not contain a statement of the substance of the contract and is not filed with such a statement.

FORECLOSURE of mechanic's lien.

*Weissberger & Leichter,* for plaintiff and for defendant United States Radiator Corporation.

*Rowe & Flagg,* for defendant General Electric Company.

*Bartholomew Foody, Jr.,* for defendant Patrick C. Sullivan, as trustee in bankruptcy of Adams, Britz & Co., and for defendant Nason Manufacturing Company.

*Smyth, Haggerty, King & Corcoran,* for defendant A. I. Namm & Son, Inc.

CROPSEY, J. The sole question undetermined on the trial concerned the validity of the order obtained by the United States Radiator Corporation, and whether that order was entitled to preference over the liens of the plaintiff and the other defendants. The order was given and filed before any of the liens were filed. It is attacked upon the ground that the provisions of section 15 of the Lien Law were not complied with. That section is entitled " Assignments of contracts and orders to be filed." It provides that no assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property, or of any part of the money due or to become due therefor, nor an order drawn by a contractor upon the owner for the payment of such money shall be valid " unless the contract * * * or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed within ten days after the date of such assignment of contract, or such assignment of money, or such order, in the office of the county clerk * * *." This order was filed in time, but it was not accompanied by the contract, or a copy of it, nor by a statement containing its substance. But it is not necessary in any case that

the substance of the contract should be contained in a paper separate from the order or assignment. If the assignment or order contains the substance of the contract, that will suffice. *American Hardware Corp.* v. *Lyttle*, 222 N. Y. 201. But the case cited holds that a statement which merely gives names and dates of the parties " which would enable one who pursued inquiry to discover the substance of the contract " is not sufficient. The statement must contain the substance of the contract. The order in the instant case plainly does not do that. It does give the name of the owner, but it does not give the date of any contract made between the owner and the party signing the order, nor the amount of the contract, nor the amount due or paid or to become due thereunder, nor does it describe the property affected by the liens. They cover property at the corner of Livingston street and Elm place. This order, aside from the giving of the street number, describes property located on Fulton street to the west of Hoyt street. The court can take judicial notice of the fact that property west of Hoyt street is not in the same block with the property involved in this action, as Elm place is east of Hoyt street. The order, after describing the property by metes and bounds, says " it is known as 452 Fulton Street, Brooklyn," but whether or not that number is in the same block with the property affected by the liens does not appear. In any event the order refers to property situated on Fulton street, and the liens to property located on Livingston street. If it be necessary for the order to contain the substance of the contract, it is insufficient.

But it is claimed that it is not necessary where an order is given that the contract, or a statement giving the substance of it, be filed, and that that requirement applies only when an assignment is given. And the Court of Appeals has so construed the language of section 15 of the Lien Law. *Brace* v. *City of Gloversville*, 167 N. Y. 452. In that case the court said (p. 457): " The plain reading of this provision requires a copy of the contract or statement of its substance to be filed only in case of an assignment of the contract, not in the case of an order, * * *." I confess that had it not been for this judicial light upon the matter I should have construed the section differently. I should have held that the contract or the statement containing its substance had to be filed whether an assignment or an order was given. The section seems to me to have been intended to require the same steps to be taken in the one case as in the other, and the reasons for requiring at least the substance of the contract to be filed seem to be as cogent in the case of an order as in the case of an assignment. See *Edison El. Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1, 6-8.

Furthermore, the punctuation of the section seems to lend weight to this thought.  Leaving out the matters that seem not to be material in considering this question, the section provides that neither an assignment nor an order shall be valid " unless the contract  *  *  *  and such assignment or a copy of each or a copy of such order " be filed.  There is no comma or other punctuation in any part of this provision, and I should have thought it meant that it required the contract or a copy of it, or a statement of its substance " *and* " the assignment or a copy of it " *or* " a copy of the order to be filed.  The disjunctive " or " I should have thought meant that where there was an order a copy of that should be filed instead of the assignment, but that in either case the contract or its substance should be filed.  However, the other construction has been placed upon it and that, of course, is controlling.  Under that construction it is merely necessary to file a copy of the order, and it is unnecessary to file any copy of the contract or a statement of its substance, or to have that embodied in the order.  Prior to the enactment of chapter 915 of the Laws of 1896, which was the forerunner of the present section 15 of the Lien Law, assignments of moneys due under contracts, although unfiled, had a preference over a lien subsequently filed.  *Bates* v. *Salt Springs Nat. Bank*, 157 N. Y. 322.  And the act of 1896 was said to have been passed to meet that decision.  *Harvey* v. *Brewer*, 178 N. Y. 5.  Therefore, as the only requirement of the statute, as construed by the Court of Appeals, in the case of an order is that it shall be filed within ten days, it has preference, if so filed, although it does not contain a statement of the substance of the contract and is not filed with such a statement.

The cases of *Barrett* v. *Schaefer, Jr., & Co.*, 162 App. Div. 52, and *Smith & Co.* v. *Douglas*, 165 id. 707, involve assignments, and not orders, and hence are not authority here.

It follows that the order is entitled to preference.  Submit findings and judgment on notice.

Judgment accordingly.