CARLOS ARMSTRONG E HIJOS, SUCCRS., *S. en C.,* Plaintiff and Appellee, *v.* JOSÉ RODRÍGUEZ ET AL., Defendants and Appellants.

No. 6804. Argued December 5, 1935.—Decided June 18, 1936.

*Fernando B. Fornaris* and *Leopoldo Tormes García* for appellants, respectively. *Alberto S. Poventud* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

José Rodríguez López obtained a building contract from the Municipality of Salinas whereunder monthly payments were to be made to him. On October 14, 1932, but before the job was completed, Rodríguez made a deed wherein he assigned to Armstrong & Sons in consideration of materials delivered and to be delivered all his rights to receive future payments from the municipality by the above contract. Under this assignment the municipality delivered two checks to Armstrong & Sons. When the next payment became due Rodríguez notified the municipality to make that payment to him and not to the assignee. The municipality made no further payments to the firm but did pay a check to Rodríguez amounting to $752.08. The assignee requested the municipality to pay this amount to it and upon the refusal of the municipality to comply with the request, brought the present action. The District Court of Ponce decided in favor of the plaintiff and both, the Municipality and Rodríguez, who are sued, appealed.

The law is perfectly clear, under similar circumstances, that where mere ordinary citizens are concerned a

debtor would be under an obligation to pay to the assignee and hence directly liable to suit. However, any one dealing with a municipality is bound to know its limitations, whatever they may be. Here the municipality was notified of the assignment and made a couple of payments thereunder to the assignee. There was no doubt of the acceptance and all future payments ought to have been made to Armstrong & Sons, Succrs., according to the terms of the accepted assignment. The municipality was notified that Rodríguez had lost all claim and title to any future payments and it ought to have made the payment directly and, if necessary, to have included it in the budget.

The appellants maintain that there is nothing in the Municipal Law authorizing a municipality to become an agent of anybody. This case, however, presents no question of agency. Either a novation or something very similar was created.

Another assignment of error is that the municipality, not being a party to the assignment from Rodríguez to Armstrong & Sons, was not bound thereby. The law, as we have stated, is distinctly otherwise where ordinary citizens are concerned, and the appellants have cited nothing to show that a municipality would not be similarly bound under due notice and acceptance, as in this case. Indeed, we doubt whether any formal acceptance is necessary.

Appellants also contend that having paid the check in question to Rodríguez, the defendant corporation can not be compelled without the consent of the Municipal Assembly to make payment to the plaintiff. This particular point is covered by various decisions of this Court whereunder municipalities have been compelled to pay contracted obligations without reference to the action of the Municipal Assembly in providing for payment. *Soltero* v. *Piris*, 49 P.R.R. ____, and cases cited. The matter might slightly affect the execution of the judgment but the municipality is bound to make provision for its satisfaction.

The foregoing general considerations are supported by the following authorities:

Judge Dillon in his second volume on the subject of municipal corporations, says:

"An assignment of money due or to become due under the contract, as distinguished from an assignment of the contract itself is generally sustained as valid." Dillon, Municipal Corporations, section 832, pp. 1277–1278.

An examination of the above cited section will show how far courts have gone in sustaining assignments like the present one. Other citations which support the points already discussed are: *Dickson* v. *City of St. Paul,* 97 Minn. 258; *McKay* v. *City of N. Y.,* 46 N. Y. App. Div. 579; *Field* v. *City of New York,* 6 N. Y. 179; *City of San Antonio* v. *Stevens,* 126 S. W. 666; 19 R.C.L. 1080 et seq., and 44 C. J. 132, par. 2238; *Brace* v. *City of Gloversville,* 167 N.Y. 455.

The defendant Rodríguez also appeals and sets up on various grounds that the court had no right to bind the municipality for future payments. If the assignment be examined it will be clearly seen that Rodríguez parted with all rights to future payments as they became due. Therefore, he has no interest in these future payments and, having no interest, can not properly object or suggest that it was an agency which he had a right to revoke. Moreover, the record shows that to a certain extent there will be no further payments due to Rodríguez as he did not complete the work and the municipality itself finished it.

The judgment therefore will be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.